JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sansom Street Partners, LLC and Sams Oyster House, LLC

**DEFENDANTS**

Harleysville Worcester Insurance Company, et al

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Franklin County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James C. Haggerty, Esquire, Haggerty Goldberg Schleifer & Kupersmith, PC, 1835 Market Street, 27th Floor Philadelphia, PA 19103, (267) 350-6600

Attorneys *(If Known)*

William T. Salzer, Esquire, Swartz Campbell LLC, One Liberty Place, 38th Floor, 1650 Market St., Phila., PA 19103, Phone 215-299-4348

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                             *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1446(b) ; 28 USC 1332

Brief description of cause:
insurance coverage action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   June 19, 2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1516 Sansom Street, Philadelphia, PA 19102 _____

Address of Defendant: _____ One Nationwide Plaza, Columbus, OH 43215 _____

Place of Accident, Incident or Transaction: _____ 1516 Sansom Street, Philadelphia, PA 19102 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year     Yes ☐     No ☑
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit     Yes ☐     No ☑
   pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier     Yes ☐     No ☑
   numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights     Yes ☐     No ☑
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _6/14/2021_ _____ _42657_
                        *Attorney-at-Law / Pro Se Plaintiff*                  *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.     *Federal Question Cases:*                                    B.     *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts     ☑  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                              ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                         ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                         ☐  4.  Marine Personal Injury
☐  5.  Patent                                                            ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                        ☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Civil Rights                                                      ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                     ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                           ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                                             *(Please specify):* _____
☐  11. All other Federal Question Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _William J. Salzer_ , counsel of record *or pro se plaintiff*, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
   exceed the sum of $150,000.00 exclusive of interest and costs:

☑  Relief other than monetary damages is sought.

DATE: _6/22/2021_ _____ _42657_
                        *Attorney-at-Law / Pro Se Plaintiff*                  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sansom Street Partners, LLC and | : | CIVIL ACTION |
| Sams Oyster House, LLC | : | |
| v. | : | |
| | : | |
| Harleysville Worcester Insurance Company, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( xx)

| | | |
|---|---|---|
| 6/04/2021 | | William T. Salzer |
| **Date** | **Attorney-at-law** | **Attorney for** Defendants |
| 215-299-4346 | 215-299-4301 | wsalzer@swartzcampbell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANSOM STREET PARTNERS, LLC<br>AND SAMS OYSTER HOUSE, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>HARLEYSVILLE WORCESTER<br>INSURANCE COMPANY;<br>HARLEYSVILLE PREFERRED<br>INSURANCE COMPANY; NATIONWIDE<br>MUTUAL INSURANCE COMPANY;<br>AND NATIONWIDE PROPERTY &<br>CASUALTY INSURANCE COMPANY<br><br>Defendants. | CIVIL ACTION<br><br>NO. |

## NOTICE OF REMOVAL

**TO:   The Honorable Judges of the United States District Court
for the Eastern District of Pennsylvania**

Defendants, Harleysville Worcester Insurance Company, Harleysville

Preferred Insurance Company, Nationwide Mutual Insurance Company, and

Nationwide Property & Casualty Insurance Company, by and through their counsel,

Swartz Campbell LLC, hereby file this Notice of Removal of the above-captioned

matter from the Court of Common Pleas of Philadelphia County, Pennsylvania, in

which it is now pending, to the United States District Court for the Eastern District

of Pennsylvania, and in support thereof, aver as follows:

1.     This action was commenced by the filing of a Praecipe for Writ of Summons in the Court of Common Pleas of Philadelphia County, Pennsylvania, at March Term 2021, No. 001516, C.A., on March 16, 2021.

2.     Plaintiffs, Sansom Street Partners, LLC ("Sansom Street Partners") and Sams Oyster House, LLC ("Sams Oyster House") filed a Complaint on June 4, 2021.

3.     Copies of all process, pleadings, and orders, which have been received by Defendants are attached hereto as Exhibit "A".

4.     At all times relevant to this action, Plaintiffs are limited liability companies organized and existing under the laws of the Commonwealth of Pennsylvania with their principal places of business located at 1516 Sansom Street, Philadelphia, PA 19102-2811. Complaint, ¶1.

5.     Plaintiff incorrectly designated Harleysville Worcester Insurance Company ("Harleysville Worcester") and Harleysville Preferred Insurance Company ("Harleysville Preferred") as corporations organized and existing under the laws of the Commonwealth of Pennsylvania with their principal place of business at 355 Maple Avenue, Harleysville, PA 19438. Complaint, ¶3.

6.     At all times relevant to this action, Harleysville Worcester was a corporation, re-domesticated in the State of Ohio, with its principal place of business located at One Nationwide Plaza, Columbus, OH 43215-2220.

7.     At all times relevant to this action, Harleysville Preferred was a corporation, re-domesticated in the State of Ohio, and authorized to conduct business

2

in the Commonwealth of Pennsylvania, with its principal place of business located at One Nationwide Plaza, Columbus, OH 43215-2220.

8.     At all times relevant to this action, Nationwide Mutual Insurance Company ("Nationwide Mutual") was an Ohio corporation authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of business located at One Nationwide Plaza, Columbus, OH 43215-2220. Complaint, ¶4. Nationwide Mutual did not issue any policies of insurance to Plaintiffs; therefore, it is not contractually obligated to pay any benefits to Plaintiffs and is incorrectly joined as a defendant.

9.     At all times relevant to this action, Nationwide Property & Casualty Insurance Company ("Nationwide Property & Casualty") was an Ohio corporation authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of business located at One Nationwide Plaza, Columbus, OH 43215-2220. Complaint, ¶4. Nationwide Property & Casualty did not issue any policies of insurance to Plaintiffs; therefore, it is not contractually obligated to pay any benefits to Plaintiffs and is incorrectly joined as a defendant.

10.     Harleysville Worcester and Harleysville Preferred are deemed to be citizens of Ohio, where they have been re-domesticated and have their principal places of business.

11.     Nationwide Mutual and Nationwide Property & Casualty are deemed to be citizens of Ohio, where they have been incorporated and have their principal places of business.

3

12.     Upon reasonable investigation and information and belief, Samuel Fink and/or David Fink, who are members of Sansom Street Partners and Sams Oyster House, are residents and citizens of the Commonwealth of Pennsylvania.

13.     Plaintiffs were created and registered as Pennsylvania limited liability companies and are deemed to be citizens of Pennsylvania, where they have been incorporated, have their principal places of business, and their members are domiciled.

14.     Pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

15.     Defendants may remove this case to the United States District Court for the Eastern District of Pennsylvania because it embraces the Court of Common Pleas of Philadelphia County.

16.     Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."

17.     Defendants timely removed this matter within 30 days after service of the Complaint.

18.     Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

19.     Plaintiffs allege that as a result of the impact of the COVID-19 pandemic and Orders of the Governor of Pennsylvania, it has sustained a partial loss of use of its premises and was forced to stop all seated and eat-in food services, thereby incurring losses, damages and expenses. Complaint, ¶28.

20.     Plaintiffs allege that the COVID-19 pandemic and the governmental shutdown has directly and adversely affected their business operations by causing damage to the properties and the risk of further harm to the properties and its occupants. Complaint, ¶32.

21.     Plaintiffs allege they have suffered a loss of business income and have sustained damages which they aver are covered under the Business Income, Civil Authority and other provisions of the policies of insurance. Complaint, ¶¶33; 35.

22.     Plaintiffs allege they made a claim upon Defendants for recovery of losses, damages and expenses caused by the pandemic and the government orders and that Defendants wrongfully denied the claim entitling Plaintiff to recovery of damages. Complaint, ¶¶ 34-36; 42-43.

23.     Plaintiffs aver they are entitled to a declaration that they are covered under the Harleysville Policies for business income, extra expense, contamination,

5

civil authority, and other coverages under the Harleysville Policies, for which Nationwide Mutual and Nationwide Property & Casualty are liable. <u>Complaint</u>, ¶35.

24.     Plaintiffs aver that they are entitled to an Order enjoining Defendants from denying coverage to Plaintiffs for the damages caused by the COVID-19 pandemic and referenced governmental orders. <u>Complaint</u>, ¶38.

25.     Plaintiffs seek relief in the form of a declaration that they are entitled to coverage for losses, damages and expenses caused by the COVID-19 pandemic and the referenced governmental orders and other appropriate relief as the court deems appropriate. <u>Complaint</u>, *Ad Damnum* clause (Count I).

26.     Plaintiffs' claims, although denominated as seeking declaratory relief, are in actuality demands for recovery of monies based on an alleged breach of the insurance contracts; Plaintiffs specifically seek recovery of losses, damages, and expenses allegedly covered under the insurance policies. Plaintiffs also allege Defendants breached the insurance contracts by denying their claims.

27.     Plaintiffs' claims are not restricted to declaratory relief under the Declaratory Judgment Act, but instead seeks coercive legal remedies in the nature of monetary and affirmative injunctive relief.

28.     As such, this court is vested with jurisdiction to adjudicate this dispute because Plaintiffs seek recovery for past alleged monetary loss.

29.     "When there are disputes over factual issues, the party alleging jurisdiction [must] justify his allegations by a preponderance of the evidence."

6

<u>Minissale v. State Farm Fire & Cas. Co.</u>, 988 F.Supp.2d 472 (E.D. Pa. 2013) (quoting <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392, 397 (3d Cir. 2004)).

30.     The Policies confer Business Income Loss for actual loss sustained subject to the Policies terms, provisions, limitations, conditions and exclusions. The Policies confer Extra Expense coverage on an actual loss basis. The Policies confer coverage for Business Income and Extra Expense caused by the action of civil authority subject to the terms, provisions, limitations, exclusions and conditions of the Policies.

31.     Plaintiffs allege the COVID-19 pandemic and governmental shutdown forced them to stop all seated and eat-in food services, causing Plaintiffs to sustain covered losses for Business Income, Civil Authority and other related losses, damages and expenses. <u>Complaint,</u> ¶¶28; 33. Plaintiffs do not limit the period of time for which they seek recovery of Business Income or Extra Expense.

32.     While the Plaintiffs do not quantify the amount of Business Income and Extra Expense coverage which they assert entitlement to be paid under the Policies, or the amount of damages and expenses they claim to have incurred, the coverages afforded for Building Personal Property, Business Income, and Extra Expense exceed $75,000.00.

33.     Upon reasonable investigation and information and belief, the object of Plaintiffs' declaratory judgment concerns an amount in dispute which exceeds the value of $75,000.00, exclusive of interest and costs.

34. Therefore, it is believed, and therefore averred, that Plaintiffs each seek declaratory and/or injunctive relief with respect to amounts which exceed the value of $75,000.00 exclusive of interest and costs.

35. Accordingly, original jurisdiction exists in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C.A. § 1441(a) and 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

**WHEREFORE**, pursuant to 28 U.S.C.A. § 1441 et seq., Defendants, Harleysville Worcester Insurance Company, Harleysville Preferred Insurance Company, Nationwide Mutual Insurance Company, and Nationwide Property & Casualty Insurance Company, remove this action to the United States District Court for the Eastern District of Pennsylvania.

**SWARTZ CAMPBELL LLC**

_____
William T. Salzer, Esq.
Max A. Greer, Esq.
One Liberty Place, 38th Floor
1650 Market Street
Philadelphia, PA 19103
Phone:   215-299-4346
Fax:      215-299-4301
wsalzer@swartzcampbell.com
mgreer@swartzcampbell.com
Attorneys for Defendants,
Harleysville Worcester Insurance Company,
Harleysville Preferred Insurance Company,
Nationwide Mutual Insurance Company, and
Nationwide Property & Casualty Insurance
Company

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SANSOM STREET PARTNERS, LLC<br>AND SAMS OYSTER HOUSE, LLC<br><br>                         Plaintiffs,<br><br>      vs.<br><br>HARLEYSVILLE WORCESTER<br>INSURANCE COMPANY;<br>HARLEYSVILLE PREFERRED<br>INSURANCE COMPANY; NATIONWIDE<br>MUTUAL INSURANCE COMPANY;<br>AND NATIONWIDE PROPERTY &<br>CASUALTY INSURANCE COMPANY<br><br>                      Defendants. | CIVIL ACTION<br><br>NO. |

## CERTIFICATE OF SERVICE

William T. Salzer, hereby certifies that a true and correct copy of the attached Notice of Removal was served upon all interested parties, listed below, either electronically and/or by United States Mail, first class, postage prepaid on June 22, 2021.

James C. Haggerty, Esquire
Haggerty Goldberg Schleifer & Kupersmith, PC
1835 Market Street, 27th Floor
Philadelphia, PA 19103
*Attorney for Plaintiffs*

9

SWARTZ CAMPBELL LLC

_____

William T. Salzer, Esq.
Max A. Greer, Esq.
One Liberty Place, 38th Floor
1650 Market Street
Philadelphia, PA 19103
Phone:   215-299-4346
Fax:      215-299-4301
wsalzer@swartzcampbell.com
mgreer@swartzcampbell.com
Attorneys for Defendants,
Harleysville Worcester Insurance Company,
Harleysville Preferred Insurance Company,
Nationwide Mutual Insurance Company, and
Nationwide Property & Casualty Insurance
Company